UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANGEL PATINO and EDGAR SALAMANCA,       20-CV-2460 (SIL)

                Plaintiffs,

   -against-

COR J. SEA FOOD CORP., JAMES CORONESI,
and GREG J. MORGESE,

                Defendants.
------------------------------------------------------------------X

## AMENDED COMPLAINT

Plaintiffs, ANGEL PATINO and EDGAR SALAMANCA ("Plaintiffs"), as and for their Amended Complaint against Defendants, COR J. SEA FOOD CORP., JAMES CORONESI, and GREG J. MORGESE ("Defendants"), respectfully allege as follows:

### JURISDICTION AND VENUE

1.    Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 142, of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief related to their employment with Defendants.

2.    Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.    The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.    Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff, Angel Patino ("Patino"), is an adult male currently residing in the State of New York.

6.      Plaintiff, Edgar Salamanca ("Salamanca"), is an adult male currently residing in the State of New York.

7.      Plaintiffs are former employees of Defendants.

8.      According to the New York State Department of State, Division of Corporations, Defendant, Cor J. Sea Food Corp. ("Cor J. Sea Food") is a domestic business corporation duly organized and existing under the laws of the State of New York.

9.      According to the New York State Department of State, Division of Corporations, Defendant Cor J. Sea Food maintains a principal executive office located at 36 Lighthouse Road, Hampton Bays, New York 11946.

10.     Upon information and belief, Defendant Cor J. Sea Food owns and operates the Cor J. Sea Food Market located at 36 Lighthouse Road, Hampton Bays, New York 11946

11.     Upon information and belief, at all relevant times, Defendant Cor J. Sea Food maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

12.     Upon information and belief, Defendant, James Coronesi ("Coronesi"), is a resident of the State of New York.

13.     According to the New York State Department of State, Division of Corporations, Defendant Coronesi is the Chief Executive Officer of Defendant Cor J. Sea Food.

2

14.     Upon information and belief, at all relevant times, Defendant Coronesi was and continues to be an owner, corporate officer, director, and/or managing agent of Defendant Cor J. Sea Food.

15.     Upon information and belief, at all relevant times, Defendant Coronesi exercised operational control over Defendant Cor J. Sea Food, controlled significant business functions of Defendant Cor J. Sea Food, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Cor J. Sea Food in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

16.     Upon information and belief, at all relevant times, Defendant Coronesi participated in running the daily operations of Defendant Cor J. Sea Food and its seafood market.

17.     Upon information and belief, at all relevant times, Defendant Coronesi participated in the management and supervision of Plaintiffs and their work for Defendant Cor J. Sea Food.

18.     Upon information and belief, Defendant, Greg J. Morgese ("Morgese"), is a resident of the State of New York.

19.     Upon information and belief, at all relevant times, Defendant Morgese was and continues to be an owner, corporate officer, director, and/or managing agent of Defendant Cor J. Sea Food.

20.     Upon information and belief, at all relevant times, Defendant Morgese exercised operational control over Defendant Cor J. Sea Food, controlled significant business functions of Defendant Cor J. Sea Food, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Cor J. Sea Food in devising, directing, implementing,

and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

21.     Upon information and belief, at all relevant times, Defendant Morgese participated in running the daily operations of Defendant Cor J. Sea Food and its seafood market.

22.     Upon information and belief, at all relevant times, Defendant Morgese participated in the management and supervision of Plaintiffs and their work for Defendant Cor J. Sea Food.

23.     As such, Defendants Cor J. Sea Food, Coronesi, and Morgese are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiffs.

**FACTS**

24.     Plaintiff Patino was employed as a clerk for the benefit of and at the direction of Defendants from on or about 2005 until on or about February 15, 2020.

25.     During his employment, Plaintiff Patino's primary duties included taking orders from customers, grading fish, counting inventory, and helping customers.

26.     Throughout Plaintiff Patino's employment, Defendants required him to punch in and out of his daily shifts.

27.     Upon information and belief, Defendants maintained records reflecting the actual time that Plaintiff Patino worked each day and each week.

28.     From June 2014 through about August 2019, during the months of January, February, March, April, September, October, November, and December, Plaintiff Patino typically worked six (6) days per week: Monday, Tuesday, and Wednesday from about 9:30 a.m. until about 8:00 p.m., and Thursday, Friday, and Saturday from about 9:30 a.m. until about 11:00 p.m.

4

29.     During these months, Plaintiff Patino generally worked about seventy-two (72) hours per week.

30.     From June 2014 through about August 2019, during the months of May, June, July, and August, Plaintiff Patino typically worked six (6) days per week: Monday, Tuesday, and Wednesday from about 9:30 a.m. until about 9:00 p.m., and Thursday, Friday, and Saturday from about 9:30 a.m. until about 11:00 p.m.

31.     During these months, Plaintiff Patino generally worked about seventy-five (75) hours per week.

32.     During the relevant period of his employment, Defendants paid Plaintiff Patino an hourly rate of pay.

33.     During the relevant period of his employment, Defendants paid Plaintiff Patino straigh-time for all hours worked.

34.     During the relevant period of his employment, Defendants did not pay Plaintiff Patino one-and-one-half times his regular rate of pay for any hours that he worked in excess of forty (40) each week.

35.     During the relevant period of his employment, Defendants did not pay Plaintiff Patino overtime compensation for any hours that he worked in excess of forty (40) each week.

36.     During his employment, Defendants failed to provide Plaintiff Patino with complete and accurate earnings statements, paystubs, or any other type of complete and accurate wage statement along with his weekly earnings, as required by NYLL § 195(3).

37.     Plaintiff Salamanca was employed as a clerk for the benefit of and at the direction of Defendants from on or about March 2013 until on or about February 25, 2020.

38.     During his employment, Plaintiff Salamanca's primary duties included taking orders from customers, cleaning fish, and helping customers.

39.     Throughout Plaintiff Salamanca's employment, Defendants required him to punch in and out of his daily shifts.

40.     Upon information and belief, Defendants maintained records reflecting the actual time that Plaintiff Salamanca worked each day and each week.

41.     From March 2013 through about August 2019, during the months of January, February, March, April, September, October, November, and December, Plaintiff Salamanca typically worked five (5) days per week: Monday from about 2:30 a.m. until about 5:30 p.m., Tuesday from about 9:00 a.m. until about 6:00 p.m., Wednesday from about 2:30 a.m. until about 6:30 p.m., Thursday from about 9:00 a.m. until about 7:00 p.m., and Friday from about 2:30 a.m. until about 5:00 p.m.

42.     During these months, Plaintiff Salamanca generally worked about sixty-four and one-half (64.5) hours per week.

43.     From March 2013 through about August 2019, during the months of May, June, July, and August, Plaintiff Salamanca typically worked six (6) days per week: Monday from about 2:30 a.m. until about 6:00 p.m., Tuesday from about 9:00 a.m. until about 7:30 p.m., Wednesday from about 2:30 a.m. until about 6:00 p.m., Thursday from about 9:00 a.m. until about 8:00 p.m., Friday from about 2:30 a.m. until about 6:30 p.m., and Saturday from 9:00 a.m. until about 6:00 p.m.

44.     During these months, Plaintiff Salamanca generally worked about seventy-seven and one-half (77.5) hours per week.

45.     During the relevant period of his employment, Defendants paid Plaintiff Salamanca an hourly rate of pay.

46.     During the relevant period of his employment, Defendants paid Plaintiff Salamanca straigh-time for all hours worked.

47.     During the relevant period of his employment, Defendants did not pay Plaintiff Salamanca one-and-one-half times his regular rate of pay for any hours that he worked in excess of forty (40) each week.

48.     During the relevant period of his employment, Defendants did not pay Plaintiff Salamanca overtime compensation for any hours that he worked in excess of forty (40) each week.

49.     During his employment, Defendants failed to provide Plaintiff Salamanca with a notice and acknowledgement of pay rate and payday, or any other type of wage notice, at the time of their hiring or at any time thereafter, as required by NYLL § 195(1).

50.     During his employment, Defendants failed to provide Plaintiff Salamanca with complete and accurate earnings statements, paystubs, or any other type of complete and accurate wage statement along with their weekly earnings, as required by NYLL § 195(3).

51.     Defendants Coronesi and Morgese participated in the decision to hire Plaintiffs.

52.     Defendants Coronesi and Morgese participated in the decision to fire Plaintiffs.

53.     Defendants Coronesi and Morgese participated in deciding the job duties that Plaintiffs performed on a daily basis.

54.     Defendants Coronesi and Morgese participated in the daily supervision of Plaintiffs' job duties and responsibilities.

55.     Defendants Coronesi and Morgese participated in setting Plaintiffs' work schedule.

56.     Defendants Coronesi and Morgese participated in deciding the hours that Plaintiffs worked each week.

57.     Defendants Coronesi and Morgese participated in deciding the manner in which each Plaintiff was paid.

58.     Defendants Coronesi and Morgese participated in deciding the compensation each Plaintiff was paid.

59.     Defendants Coronesi and Morgese participated in running the day-to-day operations of Defendant Cor J. Sea Food during Plaintiffs' employment.

60.     Defendants managed Plaintiffs' employment, including the amount of time worked and the rates that they were paid.

61.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

62.     Defendants were aware of Plaintiffs' work hours and rates of pay but failed to pay them the proper wages to which they were entitled under the law.

63.     Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights, and Plaintiffs have been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

64.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

65.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in

8

an enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. § 207(a)(1).

66.     Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Cor J. Sea Food is an enterprise engaged in commerce or in the production of goods for commerce.

67.     At all times relevant to this Complaint, Defendant Cor J. Sea Food had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiffs who worked as clerks and handled goods and food items that originated outside of the State of New York.

68.     Upon information and belief, the gross annual volume of sales made or business done by Defendant Cor J. Sea Food for the years 2017, 2018, and 2019 was not less than $500,000.00.

69.     At all times relevant to this action, Plaintiffs were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

70.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

71.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs overtime compensation as required by the FLSA.

72.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

73.     However, none of the Section 13 exemptions apply to Plaintiffs because they did not met the requirements for coverage under the exemptions during the relevant periods of their employment.

74.     Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

75.     Defendants did not act in good faith with respect to the conduct alleged herein.

76.     As a result of Defendants' violations of the FLSA, Plaintiffs incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**FAILURE TO COMPENSATE FOR OVERTIME**

77.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

78.     At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

79.     Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

80.     By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

81.     By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation for the time periods in which they worked in excess of forty (40) hours a week for Defendants.

82.     Plaintiffs were not exempt from the overtime provisions of the New York Labor Law during the relevant periods of their employment, because they did not meet the requirements for any of the reduced number of exemptions available under New York law.

83.     Defendant acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

84.     Defendants did not act in good faith with respect to the conduct alleged herein.

85.     As a result of Defendants' violations of the NYLL, Plaintiffs incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**
**As for Plaintiff Salamanca Only**

86.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

87.     Defendants willfully failed to furnish Plaintiff Salamanca with wage notices during his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

11

88.     Through their knowing and intentional failure to provide Plaintiff Salamanca with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

89.     Due to Defendants' willful violations of the NYLL, Plaintiff Salamanca is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

### COUNT IV
### VIOLATION OF THE NEW YORK LABOR LAW
### NYLL SECTION 195(3)
### FAILURE TO PROVIDE WAGE STATEMENTS

90.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

91.     Defendants willfully failed to provide Plaintiffs with complete, accurate, and written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

92.     Through their knowing and intentional failure to provide Plaintiffs with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

93.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, by and through their attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants and in favor of Plaintiffs for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

 1. Willfully violated provisions of the FLSA by failing to pay Plaintiffs overtime compensation;

 2. Willfully violated the provisions of the NYLL by failing to pay Plaintiffs overtime compensation;

 3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff Salamanca with wage notices;

 4. Willfully violated the provisions of the NYLL by failing to provide Plaintiffs with wage statements;

B. Award compensatory damages, including all overtime compensation and minimum wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL overtime compensation and minimum wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
   July 20, 2020

            _____
            Neil H. Greenberg, Esq.

Keith E. Williams, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiffs*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
nhglaw@nhglaw.com
keith@nhglaw.com