UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
**ANGEL PATINO and EDGAR SALAMANCA**

                       **Plaintiffs,**

       v.

**COR J. SEA FOOD CORP.,
JAMES CORONESI, and
GREG J. MORGESE,**

                       **Defendants.**
------------------------------------------------------------X

Case: 20-cv-02460 (SIL)

ANSWER TO AMENDED COMPLAINT WITH CROSS-CLAIM

      Defendant JAMES CORONESI. (hereinafter "Coronesi" and "Defendant") by his attorneys, **FRANKLIN, GRINGER & COHEN, P.C.**, as and for their answer to Plaintiff's Complaint (the "Complaint"), allege as follows[1]:

      1.     The first paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

      2.     The second paragraph of the Complaint sets forth jurisdictional invocations that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

      3.     The third paragraph of the Complaint sets forth jurisdictional invocations that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

---

[1] This Answer only responds to the Complaint's allegations against Coronesi. Unless otherwise noted, Coronesi denies having knowledge or information sufficient to form a belief as to the accuracy of any allegation relating to any other person or entity. No statement herein constitutes a comment on or acceptance of the legal theories on which Plaintiff purports to proceed, and to the extent the Complaint asserts legal conclusions, argument, or contentions, Coronesi is not required to respond to them and this Answer contains no response to them.

4. The fourth paragraph of the Complaint sets forth venue invocations that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 5 of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint except admit that Defendant Coronesi was and continues to be an owner and corporate officer.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits the allegations contained in Paragraph 22 of the Complaint.

23. The twenty-third paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26. Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27. Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant admits the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant admits the allegations contained in Paragraph 39 of the Complaint.

40. Defendant admits the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant admits the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

64. As to Paragraph 64 of the Complaint Defendant repeats and re-alleges their answers to each and every allegation contained in Paragraphs 1 to 63 of the Complaint as if fully set forth herein.

65. The sixty-fifth paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer.

66. The sixty-sixth paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

67. The sixty-seventh paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

68. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

69. The sixty-ninth paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

70. The seventieth paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer.

71. The seventy-first paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

72. Defendant admits the allegations contained in Paragraph 72 of the Complaint.

73. The seventy-third paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer; to the extent it may be read as setting forth allegations of fact, Defendant denies those allegations.

74. The seventy-fourth paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76. The seventy-sixth paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

77. As to Paragraph 77 of the Complaint Defendant repeats and re-alleges its answers to each and every allegation contained in paragraphs 1-76 of the Complaint as if fully set forth herein.

78. The seventy-eight paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

79. The seventy-ninth paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer.

80. The eightieth paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

81. The eighty-first paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

82. Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83. The eighty-third paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

84. Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85. The eighty-fifth paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

86. As to Paragraph 86 of the Complaint Defendant repeats and re-alleges its answers to each and every allegation contained in paragraphs 1 to 85 of the Complaint as if fully set forth herein.

87. The eighty-seventh paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

88. The eighty-eighth paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

89. The eighty-ninth paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer; to the extent it may be rad as setting forth any allegations of fact, Defendant denies those allegations

90. As to Paragraph 90 of the Complaint Defendant repeats and re-alleges its answers to each and every allegation contained in paragraphs 1 to 89 of the Complaint as if fully set forth herein.

91. The ninety-first paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

92. The ninety-second paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

93. The ninety-third paragraph of the Complaint sets forth a legal conclusion that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies those allegations.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

94. Plaintiffs were exempt from overtime pursuant to FLSA and corresponding NYLL.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

95. The Complaint fails to state any claims by Plaintiff against Defendant upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

96. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods and/or by the doctrine of laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

97. Defendant did not engage in willful conduct in violation of the FLSA and, at all

times relevant to this action, acted in good faith and based upon a reasonable belief that its acts or omissions were not in violation of the FLSA.   Accordingly, pursuant to the FLSA, Plaintiff's statute of limitations is two years.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

98. Defendant did not engage in willful conduct in violation of the NYLL and, at all times relevant to this action, acted in good faith and based upon a reasonable belief that its acts and/or omissions were not in violation of the NYLL.   Accordingly, Plaintiff is not entitled to recover an award for liquidated damages for willful conduct pursuant to the NYLL.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

99. Plaintiffs are not entitled to liquidated damages because Defendant acted in good faith and had reason to believe its actions and/or omissions did not willfully violate federal and/or state law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

100. Plaintiffs' claims are barred, in whole or in part, by equitable defenses, including the doctrines of equitable estoppel, waiver and/or unclean hands.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

101. Plaintiff is not a suitable representative for the purported class and/or collective action.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

102. Plaintiff's claims cannot and should not be maintained on a class and/or collective basis because those claims fail to meet the necessary requirements for certification as a class action or collective action, inter alia, numerosity, commonality, typicality, predominance, superiority, adequacy of class counsel and similarity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

103.   Plaintiff's is not similarly situated to the purported class/collective.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

104.   To the extent Plaintiff or any other putative opt-in or class action participants are exempt from eligibility for overtime compensation pursuant to the FLSA, he or she is not entitled to overtime compensation under the FLSA or under New York Labor Law pursuant to the New York Labor Law and/or applicable wage orders.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

105.   Defendant made complete and timely payment of all wages due to Plaintiff. Accordingly, Plaintiff is not entitled to recover damages for failure to provide wage statements and the wage notice pursuant to NYLL.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

106.   Compensatory and punitive damages are not available on Plaintiff's claims in this action and/or Defendant's conduct did not rise to the level of culpability required to justify an award of such damages.

## AS AND FOR A FOURTEENTH AFFRIMATIVE DEFENSE

107.   Pendent, supplemental or other jurisdiction should not be exercised over Plaintiff's state law claims.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

108.   Because no discovery has been taken at this state of the case, Defendants reserve the right to file and serve additional defenses, as appropriate.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST GREG J. MORGESE- COMMON LAW INDEMNIFICATION

109. Greg J. Morgese is a minority shareholder of COR J. SEA FOOD CORP. while Coronesi is a majority shareholder.

110. Greg J. Morgese, at a special meeting of shareholders of COR J. SEA FOOD CORP on or about October 8, 2019, admitted that "[he is] the one who is in charge of running this place…".

111. Part of his duties as the one who was in charge of running the business was determining and setting employee schedules, rates of pay and compensation.

112. The claims asserted by Plaintiff appear to arise from Greg J. Morgese's individual acts of running the business and not by Coronesi.

113. Therefore, if Defendants are held liable to the Plaintiff, Coronesi is entitled to contribution and indemnification from Greg J. Morgese from and against any and all claims arising out of the acts, omissions and/or negligence of Greg J. Morgese, and his employees and/or agents, in which case Defendant Coronesi would be entitled to an adjudication of the negligence/culpable conduct or relative responsibilities of all parties; and upon such adjudication to an apportionment of damages in accordance with such findings, Greg J. Morgese will be liable over to Defendant Coronesi and fully indemnify and hold Coronesi harmless for the full or apportioned amount of any judgment herein recovered against Coronesi or for any part thereof.

**WHEREFORE**, Defendant Coronesi demands judgment as follows:

    a.    dismissing the Plaintiff's complaint, together with costs and disbursements of this action;

    b.    judgment over and against Greg J. Morgese for the full amount of any

judgment which may be obtained herein by Plaintiff against Coronesi, or in such amount as the trier of fact may direct in accordance with the relative responsibilities and culpabilities of the parties;

      c.    such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
July 31, 2020

                                  Respectfully submitted,

By: /s/_____
Jasmine Patel, Esq.
**FRANKLIN, GRINGER & COHEN, P.C.**
*Attorneys for Defendant Coronesi*
666 Old Country Road, Suite 202
Garden City, NY 11530-2013
(516) 228-3131
Jpatel@franklingringer.com

To:    NEIL H. GREENBERG & ASSOCIATES, P.C.
Attorneys for Plaintiffs
4242 Merrick Road
Massapequa NY 11758
516-228-5100

Greg J. Morgese
7 Ocame Avenue
Westhampton Beach, NY 11978